## OSCAR A. WILSON v. JOHN M. HOFFMAN.

*Public lands—Map in evidence.*

1. A map of a government subdivision is inadmissible in evidence without the surveyor's field-notes.

2. A certificate by the Commissioner of the State Land Office that "the annexed is a true and correct copy of" a specified governmental subdivision "as shown on government plat on file in this office," is insufficient to authorize the admission in evidence of a map of the subdivision referred to.

3. All subdivision lines of a section of land according to government survey must run straight from a point in one exterior line of the section to the corresponding point in the opposite boundary.

4. Ejectment for land described as being in the southeast quarter of a specified section cannot be maintained if the evidence shows that it lies west of a line drawn north and south through a quarter-post that stands midway of the south section line.

Error to St. Clair. (Stevens, J.)    April 30.—June 25.

EJECTMENT.    Defendant brings error.    Reversed.

*Avery Brothers* for appellant.

*Frank Whipple* for appellee.

CHAMPLIN, J.    Plaintiff brought ejectment to recover lands described in his declaration as follows: "A portion of the southeast fractional quarter of section twenty-eight, in town seven (7) north, of range seventeen (17) east, and bounded as follows: Commencing at a point where the south

line of said section intersects the bank of Black river; thence on the south line of said section seventy-nine and one-half rods; thence north forty-seven degrees and twenty minutes west to the bank of Black river; thence south-westerly along the bank of Black river (up stream) to the place of beginning,—containing about seven acres of land."

The plaintiff claimed the premises in fee. There was evidence introduced upon the trial tending to prove that the original quarter-post, placed at the time the original government survey was made, was found upon the south line of the section, and that the premises in question lie wholly west of the quarter line if projected north and south through the section. Plaintiff based his claim of title through a patent from the United States to Hartford Tingley, and through mesne conveyances from him to plaintiff. The description of land contained in the patent is as follows: "The south-east fractional quarter of fractional section twenty-eight, in town seven north, of range seventeen east, containing 117 and 48-100 acres, according to the official plat of the survey of the said lands returned to the General Land-office by the Surveyor General."

The plaintiff offered in evidence a copy of a map of section 28, to which was annexed the following certificate under the seal of the Commissioner of the State Land-office, viz.:

"*State of Michigan, State Land-Office.*
OFFICIAL CERTIFICATE.
LANSING, April 19, 1882.
I, James M. Neasmith, Commissioner of the State Land-office, do hereby certify that the annexed is a true and correct copy of section 28, town 7 north, range 17 east, as shown on government plat on file in this office.

In witness whereof, I have hereunto subscribed my name, and have caused the seal of this office to be affixed.

Done at Lansing on the day and year above written.

JAMES M. NEASMITH,
Commissioner of State Land-Office.
[Seal.]          By H. W. SLEEPER, Deputy Com'r."

This map was unaccompanied by any field-notes of the survey made by the United States surveyor of the section,

and was received in evidence against the defendant's objection. This was error. The map without the field-notes was of no significance whatever. But aside from this consideration, the certificate was insufficient to admit it as evidence under the statute (How. Stat. § 5243), which provides that the Commissioner of the State Land-office shall, when required, on application of any person and payment of fees, make and deliver to the person applying a true copy of any field-notes, maps, records or papers in his office appertaining to land titles, or to the original surveys of any of the lands in this State, and any such copy, when duly certified to by such Commissioner under his seal of office, may be admitted in evidence, etc. The certificate fails to show that it is a true copy of any map in his office ; and it entirely fails to give a true copy of the field-notes of the survey of the section, without which the map is entirely useless as showing either " title or boundary to any land that may come in question."

By Act of Congress approved February 11, 1805, entitled " An act concerning the mode of surveying the public lands of the United States," it was provided that " all the corners marked in the surveys returned by the Surveyor General, shall be established as the proper corners of sections or subdivisions of sections, which they were intended to designate ; and the corners of half and quarter sections, not marked on said surveys, shall be placed as nearly as possible equidistant from those two corners which stand on the same line. The boundary lines, actually run and marked in the surveys returned by the Surveyor General, shall be established as the proper boundary lines of the sections, or subdivisions, for which they were intended, and the length of such lines as returned by the Surveyor General aforesaid, shall be held and considered as the true length thereof. Each section or subdivision of section, the contents whereof shall have been returned by the Surveyor General, shall be held and considered as containing the exact quantity, expressed in such return, and the half sections and quarter sections, the contents whereof shall not have been thus returned, shall be held and con-

sidered as containing the one-half, or the one-fourth part respectively, of the returned contents of the section of which they make part." All subdivisional lines of a section must be straight lines running from the proper corner in one exterior line to its corresponding corner in the opposite boundary of the section. It follows, therefore, that the patent and deed thereunder through which plaintiff claims, do not embrace within their description the lands in controversy, since no part thereof lies upon the southeast quarter of the section.

The judgment must be reversed and a new trial granted.

The other Justices concurred.