SKIBA v. GUSTIN.

1. VENDOR AND PURCHASER — REFORMATION OF INSTRUMENTS — LAND CONTRACTS—STATUTE OF FRAUDS—MISTAKE.

A receipt for money paid on an oral contract for the purchase of land erroneously described in the writing, which included the remaining terms of the agreement, is admissible only to show the amount paid and the contract for the sale of land therein described, not, however, for the purpose of proving the true agreement.

2. Reformation of Instruments — Equity Jurisdiction — Evidence—Receipt.

> As a receipt, it was competent to explain and modify the terms of the writing, but as a contract for the sale and purchase of real estate, it was not competent to correct or reform the instrument in an action for breach of the agreement.

3. Same.

> Courts of law have no jurisdiction to reform written instruments.

4. Waiver—Statute of Frauds—Argument.

> The defendant did not waive his objections to the ruling of the trial court in permitting such reformation by his attorney's informing the jury, in argument, after the court had ruled upon the question, that the only questions to be left to their consideration were the questions of value of the land and the alleged mistake.

5. Statute of Frauds—Land Contracts—Remedies of Vendee.

> In the absence of evidence to show that the error might have been due to the illegibility of the figures in the description, and in view of the fact that no such question was submitted to the jury, the plaintiff could only recover the amount paid and interest.

Error to Alpena; Emerick, J. Submitted April 11, 1910. (Docket No. 63.) Decided May 7, 1910.

Assumpsit by John Skiba against Henry K. Gustin on the common counts and on a special count for breach of a land contract. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Frank D. Scott*, for appellant.

*I. S. Canfield*, for appellee.

In a special count in his declaration, plaintiff alleges that defendant contracted to sell and convey to him, and he agreed to buy, for a consideration of $150, a portion of which was paid down, the S. E. ¼ of S. E. ¼ of section 13, in town 32 N., range 6 E.; that defendant afterwards sold and conveyed the said land to another for a consideration of $300. The common counts are added. The particulars of his demand are:

Cash paid defendant January 18, 1908............ $40 37
Interest on this.................................. 10 00
Cash received by defendant February 7, 1908, from
    sale of land, received by defendant for use of
    plaintiff......................................... 200 00
Damages sustained by reason of the defendant's re-
    fusal to convey the land....................... 300 00

The plea was the general issue. The cause coming on to be tried by the court and a jury, plaintiff introduced testimony tending to prove that he desired to acquire title to the land described in the declaration, applied to defendant in that behalf, received from him a letter dated January 7, 1908, stating:

"Regarding the southeast quarter of the southeast quarter, section 13, town 32 north, range 6 east; if you will call at my office, we will see if we cannot make a deal on it."

That he called at the office and bargained with defendant for the land for $150, paid $40.37 on the purchase price, and received a receipt therefor. This receipt, which was offered and over objection was received in evidence, reads:

"$40.37.          ALPENA, MICH., January 18, 1908.
"Received of John Skiba, forty and 37-100ths dollars to apply on purchase price of $150 for southeast quarter of southeast quarter of section 13, T. 32 N. R. 5 E. Balance of payment to be made January 25, 1908.
"H. K. GUSTIN."

In various ways, by objections and argument, defendant raised the question that the instrument was not admissible under the special count; was not evidence of a contract for the purchase and sale of the land described in the declaration. Plaintiff's testimony further tended to prove that he demanded a deed of the land described in the declaration, tendering the unpaid portion of the purchase price, the refusal of defendant to convey, and the conveyance thereof by defendant to another for the sum of $300. Counsel for defendant requested the court to direct a verdict for plaintiff for the amount of money indicated in the receipt, with interest, and to strike out all testimony con-

cerning the value of the land in range 6 east. Defendant
produced no testimony. The court submitted to the jury
the question whether the parties supposed the description
in the written instrument to be of land in range 6 east. If
it was found they did so suppose, then damages were to
be awarded. And for arriving at the damages the jury
was told to find what the land was fairly worth, deduct
from that sum the $110, which plaintiff had not paid, and
the balance with interest would be a proper verdict. A
verdict and judgment for $202.82 was the result. Plain-
tiff was awarded costs.

OSTRANDER, J. (*after stating the facts*). The re-
ceipt for money was competent evidence of the date and
amount of money paid by plaintiff to defendant. It was
competent evidence of a contract to sell and convey the
land therein described. It was not evidence of a contract
to sell and convey the land described in the declaration,
and which plaintiff claims to have bargained for. It fol-
lows that the contract for the purchase and sale of that
land, if one was made, rested and rests entirely in parol.
Considered as a mere receipt for money, it was competent
to explain and even to modify the terms of the instru-
ment. Considered as a contract for the sale and purchase
of real estate, it was not competent to correct it, or reform
it, in this action. Nothing is better settled than that in
this State courts of law have no jurisdiction to reform
written instruments. All evidence of the value of other
land was immaterial. We are referred to no authority
which sustains the rulings complained of.

During the argument to the jury the following colloquy
took place between the trial judge and counsel for de-
fendant:

" *Counsel:* I understand there is one question of fact to
be discussed and decided by the jury, and that is as to
the value. Isn't that the only question, your honor?
" *The Court:* Well, there might be another question,

Mr. Scott, in reference to this paper; its being intended to refer to the same land which he had written about.

"*Counsel:* Yes, your honor."

Later, the following:

"*The Court:* Mr. Scott, just repeat that statement again, if you please, what you were saying—if they should determine that this was a slip of the pen.

"*Counsel:* If you should determine that this was a slip of the pen, this '5,' and was actually intended by Mr. Gustin as a '6,' why then the sole question to determine, after you determine that—then the sole question to determine would be the value of this property. Isn't that right, your honor?

"*The Court:* That is just right."

Appellee contends here that because these statements were made appellant ought not to be heard to object that the court permitted the jury to reform the instrument. Counsel for appellant had the right to address the jury upon the questions of fact which the court decided should be submitted. He had been overruled in his contentions, had saved the rights of his client upon the record, and did not waive his objections because he proceeded with the discussion of questions which, under the ruling of the court, were for the jury.

We have not overlooked an argument made by appellee based upon the idea that there was a doubt, raised by inspection of the instrument, concerning the figures made therein. We find no evidence tending to prove that the figures were any of them illegible. If they were, the jury was not permitted to determine what figures were actually made.

Upon the undisputed testimony, the plaintiff was entitled to verdict and judgment for the money paid to defendant, with interest. The judgment must be reversed, with costs of both courts, and a new trial granted.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.