DOELLE v. READ.

1. DEEDS—QUITCLAIM DEED—TITLE.
   The grantee in a quitclaim deed acquires the right and title which his grantor had, and no other.

2. EJECTMENT—PLAINTIFF MUST RELY ON OWN TITLE.
   Plaintiff in ejectment action must rely on the strength of his own title, not on the weakness of defendant's title.

3. SAME—DESCRIPTION—QUARTER SECTION LINES.
   Ejectment for land described as being in the northeast quarter of a specified section cannot be maintained if the evidence shows that it lies west of a line drawn north and south through a quarter post that stands midway of the north section line.

4. DEEDS—DEFINITE DESCRIPTION—STATEMENT OF ACREAGE.
   A definite description prevails over a statement of acreage in a conveyance of land although such statement may be a valuable aid to explain an otherwise ambiguous description.

5. REFORMATION OF INSTRUMENTS—JURISDICTION.
   Courts of law have no jurisdiction to reform written instruments, such jurisdiction being exclusively vested in courts of equity.

6. SAME—JURISDICTION—EJECTMENT.
   A court has no jurisdiction to reform a deed in an action of ejectment.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds, § 331.
[1] Rights or interests covered by quitclaim deed.   44 ALR 1266; 162 ALR 556.
[2] 18 Am Jur, Ejectment, § 20.
[4] 8 Am Jur, Boundaries, § 63; 16 Am Jur, Deeds, § 289.
[5, 6] 45 Am Jur, Reformation of Instruments, § 87.
[6] 18 Am Jur, Ejectment, § 27.
[7, 8] 18 Am Jur, Ejectment, § 57.

7. Ejectment—Adverse Possession—Title.

Claim of adverse possession need not be considered in an
action of ejectment as to any land to which plaintiff failed
to establish title.

8. Same—Adverse Possession—Finding of Trial Court—Evidence.

Evidence presented in ejectment action *held,* not to preponder-
ate in opposite direction from trial court's finding that de-
fendants established title by adverse possession to 129 feet
of land of which plaintiff is shown to have record title.

Appeal from Chippewa; Runnels (Herbert W.),
J. Submitted January 3, 1951. (Docket No. 40,
Calendar No. 44,872.) Decided March 1, 1951.

Ejectment by Gretchen A. Doelle against Lewis
E. Read and others to obtain possession of land.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

*Adams & Fenlon,* for plaintiff.

*Sullivan, Veum & Moorhead,* for defendants.

Boyles, J.  This is a suit in ejectment tried by the
court without a jury. It involves a triangular piece
of land on the St. Mary's river, in section 25, town
47 north, range 2 west, Chippewa county. At the
conclusion of the proofs the trial court concluded
that the plaintiff had failed to prove title to any
land lying *west* of the west line of the NE ¼ of the
SW ¼ of said section 25; and that as to that part of
the piece of land claimed by plaintiff that was *in* the
NE ¼ of the SW ¼ of said section, the defendants had
acquired title by adverse possession. As a conse-
quence of plaintiff's failure to establish title or right
of possession to the triangular piece in question, the
court entered judgment that the plaintiff take noth-
ing by her suit, with costs to the defendants. Plain-
tiff appeals.

The disputed triangle of land was part of land owned and used by the government for lighthouse purposes on St. Mary's river until 1923. At that time the government sold at public sale to one John A. Doelle the NE fr. ¼ of the SW ¼ and the NW ¼ of the SE fr. ¼ of said section. Plaintiff acquired title from John A. Doelle. It will be noted that the government deed did not convey by description any part of the NW ¼ of the SW ¼ of said section, in which part of the disputed parcel lies.

"The grantee in a quitclaim deed acquires the right and title which his grantor had, and no other." *Bird* v. *Stimson* (syllabus), 197 Mich 582.

There is no need to cite in this opinion the many cases wherein this Court has frequently held that the plaintiff in an ejectment suit must rely on the strength of his own title.

"In an action of ejectment the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title." *Dubois* v. *Karazin* (syllabus), 315 Mich 598.

A situation similar to the case at bar arose in *Wilson* v. *Hoffman,* 54 Mich 246. The Court held (syllabus):

"Ejectment for land described as being in the southeast quarter of a specified section cannot be maintained if the evidence shows that it lies west of a line drawn north and south through a quarter-post that stands midway of the south section line."

Counsel for plaintiff relies on the fact that in the government deed there is added, "consisting of 73.9 acres." On that basis counsel for plaintiff, in effect, ask the Court to reform the government deed to include that part of the disputed parcel which is in the NW ¼ of the SW ¼. In *Lane* v. *Neifert,* 240 Mich

475, where a *bill in chancery* was filed to reform a land contract, the Court held (syllabus):

"While a statement of acreage does not prevail against a definite description, it may be a valuable aid to explain an otherwise ambiguous description."

The many cases relied upon by plaintiff holding that the Court may reform a deed are not in point. The instant case is a suit in ejectment, not a bill in chancery.

"Courts of law have no jurisdiction to reform written instruments, such jurisdiction being exclusively vested in courts of equity.

"In an action of ejectment a court would have no jurisdiction to reform a deed." *Scott* v. *Grow* (syllabi), 301 Mich 226 (141 ALR 819).

The trial court correctly held that the plaintiff had failed to prove title to any part of the disputed triangle of land which lies west of the NE ¼ of the SW ¼ of said section. We concur. There is no need to consider whether defendants' claim of adverse possession might possibly apply to any land to which the plaintiff has failed to establish title. *Schweikart* v. *Stivala, ante,* 180, 191.

Another phase of the controversy requires consideration. A 129-foot strip of the parcel of land here involved lies east of the west line of the NE ¼ of the SW ¼ of said section, hence is within the description of the land conveyed by the government to Doelle. A dispute over the possession of this strip of land started the litigation between these parties when it was fenced in by the defendants. It was included in the government deed and title thereto passed by the government conveyance to plaintiff's grantor, and thence to the plaintiff. Defendants claim that they have since 1922 acquired title to this strip by visible, notorious, continuous adverse pos-

session for a period in excess of 15 years. The trial court, without a jury, gave careful consideration to the question of fact whether the evidence established the defendants' title to this strip of land by adverse possession, and concluded that it did. We have examined the record in that regard and find that the evidence does not preponderate in the opposite direction. The judgment upheld defendants' title to said strip of land.

Affirmed. Costs to appellees.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.