LUNDBERG v. WOLBRINK.

1. REFORMATION OF INSTRUMENTS—JURISDICTION.
   Courts of law have no jurisdiction to reform written agreements, such jurisdiction being exclusively vested in courts of equity.

2. SAME—EQUITY—EVIDENCE—FRAUD, MISTAKE, ACCIDENT OR SURPRISE.
   Equity will reform an instrument upon satisfactory evidence that by reason of fraud, mistake, accident or surprise, it does not express the true intention and meaning of the parties.

3. EJECTMENT—REFORMATION OF INSTRUMENTS.
   Plaintiffs who were deeded south half of lots from grantor who subsequently deeded north half of lots to defendants without a survey being made until yet later, were entitled to judgment in action of ejectment as to portion of south half into which oil station occupying north half extended, equitable principles with reference to reformation of instruments being inapplicable to an action of ejectment.

Appeal from Kent; Souter (Dale), J. Submitted October 3, 1951. (Docket No. 22, Calendar No. 45,191.) Decided December 3, 1951.

Ejectment by Frank Lundberg and wife against Gordon J. Wolbrink and others. Judgment for defendants. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur, Reformation of Instruments §§ 3, 11.
[2] 45 Am Jur, Reformation of Instruments § 45.
[3] 18 Am Jur, Ejectment § 60.

*Philip L. Hogan,* for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defendants.

SHARPE, J.   This is an action in ejectment and involves possession of the south ½ of lots 11 and 12, block 2, Coridon Smith's Addition to the village of Sparta.   It appears that Villa Saur was the owner of the above lots 11 and 12.   On the southerly portion of lot No 12 is a residence and on the northerly portion of lot No 12 is an oil station, but a part of the station is located on the south half of lot No 12.

Willard Saur is the son of Villa Saur and acted as her agent.   He arranged the sale of the south half of the lots to plaintiffs on August 1, 1946.   He also arranged the leasing of the north half of the lots to defendant Gordon J. Wolbrink, then the sale to him on land contract April 8, 1947, and a deed December 31, 1948.   On October 16, 1950, a survey was made of the property and it was found that the dividing line between the north and south half of lot No 12 would run through the south 7½ feet of the oil station.   No survey of the property was made prior to its purchase by plaintiffs and defendant; and no one knew where the dividing line was.   During 1947 and 1948, the supervisor of the township assessed the north 82 feet of lots 11 and 12 to defendant and the south 50 feet to plaintiffs.

It is the claim of defendants that the line was established by Willard Saur, Frank Lundberg and G. J. Wolbrink at a point 82 feet from the north side of lots 11 and 12 which would include the oil station as a part of defendant's property.

Defendants filed an answer to plaintiffs' declaration, stating:

"1. That lots 11 and 12 of block 2 of Coridon Smith's Addition to the village of Sparta, Michigan,

.was owned by a common grantor, that is, one Villa Saur. * * *

"5. Defendants allege that the said common grantor, having established the line between the property plaintiffs are purchasing and the property purchased by defendant Wolbrink by a practical location, the line so established is the line between the properties and not the surveyed line in accordance with the terms of the deed."

The trial court entered judgment in favor of defendants. In his opinion, he relied on *Maes* v. *Olmsted,* 247 Mich 180, where we said:

"The rule is stated in *Herse* v. *Questa,* 100 App Div (NY) 59, as reported in 91 NY Supp 778:

" 'Where adjoining owners took their conveyances from a common grantor with reference to a boundary line he had located on the ground, the deeds describing the tracts as certain lots in a block, the location. was, irrespective of lapse of time, binding on the owners and those claiming under them. (Syllabus)' "

Plaintiffs appeal and urge that the trial court was in error in applying the law of equity to an action in ejectment. The *Olmsted Case* relied on by the trial court was a suit in equity to quiet title to the boundary line between 2 lots. The instant case is an action in ejectment begun in the circuit court of Kent county on the theory that defendants hold possession of real estate owned by plaintiffs.

In *Bush* v. *Merriman,* 87 Mich 260, we said:

"In this State the distinction between law and equity, as applied to remedies, has been kept up.* The courts of law have no jurisdiction to reform written agreements. This jurisdiction is exclusively vested in courts of equity, and it has long been settled that ·if, by reason of fraud, mistake, accident, or surprise,

---

* Since the decision of the *Bush Case* the Constitution of 1908 was adopted. Article 7, § 5 provides in part: "The legislature shall, as far as practicable, abolish distinctions between law and equity proceedings."—Reporter.

an instrument does not express the true intention and meaning of the parties, equity will upon satisfactory evidence reform it."

In *Skiba* v. *Gustin,* 161 Mich 358, we said:

"Nothing is better settled than that in this State courts of law have no jurisdiction to reform written instruments."

In *Jensen* v. *Shevitz,* 234 Mich 212, we said:

"There can be no question of the right of a chancery court to grant relief of reformation of a contract on the ground of fraud or mutual mistake. This cannot be done in a court of law."

See, also, *Scott* v. *Grow,* 301 Mich 226 (141 ALR 819); *Doelle* v. *Read,* 329 Mich 655.

In the case at bar, plaintiffs brought their action in ejectment. Defendants filed an answer claiming an equitable defense. The trial court found that defendants were not guilty of unlawfully withholding from plaintiffs the possession of the premises described in plaintiffs' declaration. The judgment of the trial court is based upon an application of equitable principles. This may not be done in an ejectment case. The judgment is reversed and remanded for entry of judgment in favor of plaintiffs. Plaintiffs may recover costs.

REID, C. J., and BOYLES, NORTH, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J. DETHMERS and CARR, JJ., concurred in the result.