HENDERSHOTT v. MOORE.

EQUITY — ADEQUATE REMEDY AT LAW — INJUNCTION — TRESPASS
—RESTRAINING INVASION OF PROPERTY.
    Where defendants were charged by the bill of complaint
    with committing a simple trespass, in that they entered
    upon an island, consisting of two acres and upwards of
    land, proceeded to construct a house or similar structure
    upon it, the remedy of complainant was properly an action
    at law, not a suit in equity for an injunction to restrain
    the unlawful acts of defendants which were not shown
    by the bill to have constituted an injury to the freehold.

Appeal from Barry; Smith, J. Submitted June 9,
1915. (Docket No. 36.) Decided September 29, 1915.

Bill by Robert L. Hendershott against William Moore
and others to enjoin a trespass. From a decree for
complainant, defendants appeal. Reversed.

*Rodgers & Rodgers*, for appellants.

*Colgrove & Potter*, for appellee.

The bill of complaint in this case sets out that in the
year 1887 the complainant and one William E. Powers
purchased from one John H. Williams, a small island
known as "Williams Island," containing about two
acres and located in Gunn Lake, on the southeast quar-
ter of section 32 in the township of Yankee Springs,
Barry county. The value of said island is fixed in the
bill of complaint at the sum of $100 and upwards. It
is alleged that complainant, ever since acquiring title
to said island, has exercised acts of dominion over it,
planting it, and protecting its banks from the ravages
of the waters of the lake, and paying taxes upon it
each year since the date of the conveyance to him and

Powers. It is further alleged that on the 30th day of May, 1914, defendants entered upon said premises and commenced the erection of a building, and that defendants, or any of them, never had any title, possession, occupation, or control of said island, or any part thereof. The bill further charges that complainant fears defendants will seek to acquire title to said premises, that they evidently expect to continue to trespass upon said premises, that he feels they will do so unless restrained by the order of the court, that the continued trespass will necessitate a multitude of suits, that complainant cannot have an adequate remedy at law, and that the damage will be a continuing damage. Complainant prays for an injunction.

Defendants in their answer deny that complainant has any title to the land in question, and deny that any patent was ever issued by the government for the sale of said southeast quarter section of said township, but allege that said island has been universally conceded by every one who has been at all familiar with the circumstances to be a public island, owned by no one except the United States government. They deny that the complainant or his grantor have ever exercised any acts of dominion over said island. They further deny the jurisdiction of the chancery court, and aver that all and every of the matters in said complainant's bill of complaint contained are matters which may be tried and determined in a court of common law.

BROOKE, C. J. (*after stating the facts*). Upon the trial of said cause the complainant introduced much testimony tending to show acts of dominion over the disputed island and possession of the same consistent with its character. Defendants offered no testimony. A decree was rendered fixing title to said island in complainant and the heirs of William E. Powers, deceased, declaring defendants to be without any title

or interest in said land, and permanently enjoining them from further trespassing thereon.

At the outset we are met with a question of jurisdiction. So far as this record discloses, defendants committed a simple trespass upon lands claimed by the complainant to belong to himself and the heirs of his cograntee. That trespass consisted in going upon the lands in question, and erecting, or starting to erect, a building. Such an act on the part of the defendants would, it appears to us, have no tendency to injure the freehold, and is not a trespass of such a nature as, under the authorities in this State, would clothe a court of equity with jurisdiction. See *Nicholls* v. *Lumber Co.*, 157 Mich. 234 (121 N. W. 742), and cases there cited.

The bill of complaint is dismissed, with costs of both courts to defendants, and complainant remitted to his remedy at law.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.