WHITE v. ZIEGENHARDT.

1. EJECTMENT—QUESTIONS TRIABLE—TITLE—POSSESSION.
A person's title to lands is a triable issue in an action of eject-ment in addition to his right to possession, the latter right being triable before the circuit court commissioner in summary proceedings (CL 1948, §§ 629.7, 630.12, 630.13, 630.21).

2. JUDGMENT—SUMMARY PROCEEDINGS—TITLE.
The judgment in summary proceedings does not determine the plaintiff's title (CL 1948, §§ 630.12, 630.13).

3. EJECTMENT—POSSESSION—TITLE.
Ejectment is the only proper remedy, where the holder of a legal title seeks to enforce it against one in possession claiming under an invalid title (CL 1948, § 629.7).

4. SAME—QUESTIONS REVIEWABLE—RESTITUTION.
It is unnecessary to determine whether or not plaintiff could have had any further assistance from the circuit court commissioner, where after plaintiff had once been put into possession by the

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 18 Am Jur, Ejectment § 2; 22 Am Jur, Forcible Entry and Detainer § 6.
[2, 5] 22 Am Jur, Forcible Entry and Detainer § 46.

sheriff under a writ of restitution issued by the commissioner, plaintiff's tenant was thereafter ejected from the premises by a mob of sympathizers with defendants and plaintiff thereafter commenced the instant action of ejectment (CL 1948, § 629.7).

5. FORCIBLE ENTRY AND DETAINER—SUMMARY PROCEEDINGS—EJECTMENT.

Summary proceedings to recover the possession of land is limited in its nature and does not preclude a plaintiff therein from asserting her rights, including title, in subsequent action of ejectment (CL 1948, §§ 629.7, 630.12, 630.13).

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted February 8, 1954. (Calendar No. 45,995.) Decided April 5, 1954.

Ejectment by Grace S. White against Christof L. Ziegenhardt and Paul J. Ziegenhardt. Motion to dismiss granted. Plaintiff appeals. Reversed and remanded.

*Smith & Smith* (*Herbert W. Smith,* of counsel), for plaintiff.

*Clem Block,* for defendants.

REID, J. This is an appeal in the nature of mandamus, with leave granted on petition, from an order of the circuit court dismissing plaintiff's ejectment suit on motion without trial.

Plaintiff instituted a proceeding before a circuit court commissioner for Lapeer county and had judgment. A writ of restitution was issued, September 22, 1950, and delivered to the sheriff, December 22, 1950. The sheriff performed the command of the writ of restitution on March 13, 1951 and returned the writ, March 20, 1951, stating in his return that he had put the plaintiff in possession of the premises involved and ejected the defendants. The writ was returnable March 22, 1951. After the departure of

the sheriff, plaintiff's tenant was in actual possession but was forcefully ejected by a mob of sympathizers with defendants. On July 6, 1953, plaintiff filed her declaration in ejectment. On July 25, 1953, defendants appeared by their attorney, demanded a trial by jury, and also filed a motion to dismiss. The trial court granted defendants' motion to dismiss, stating in his opinion:

"It is the opinion of the court that plaintiff must follow her first choice of remedies to a conclusion or dismiss the action before seeking the same relief by another form of action. She still has available to her the writ of restitution in the summary proceedings."

It is to be noted that the form of action in ejectment, CL 1948, § 629.7 (Stat Ann § 27.1920), contains the element of averment that "after his [plaintiff's] title or right accrued, he was possessed of the premises in question," i.e., that plaintiff has title to the lands in question, as distinguished from a mere right of possession of the lands, the latter being triable before the circuit court commissioner. The judgment in the circuit court commissioner's case did not determine plaintiff's title. If the instant case had been permitted to go to trial, plaintiff's title would have been determined.

Ejectment is the only proper remedy where the holder of a legal title seeks to enforce it against one in possession claiming under an invalid title. *King v. Carpenter,* 37 Mich 363. See, further, CL 1948, §§ 630.12, 630.13 (Stat Ann §§ 27.1986, 27.1987). It may be considered of some importance to have in mind the provisions of CL 1948, § 630.21 (Stat Ann § 27.1995):

"The officer before whom any proceedings shall be had for recovering the possession of lands in pursuance of this chapter, shall possess all the necessary

powers for issuing subpoenas, and compelling the attendance of witnesses, and enforcing obedience to all orders and process lawfully made or issued by him."

When a mob returned to the premises and without writ and without right, as plaintiff claims, ejected from the premises the tenant of plaintiff who had been put in lawful possession by the sheriff, evidently plaintiff considered that there was no further assistance that could be given her by the circuit court commissioner.

It is not necessary that we should determine in this case whether the writ of the circuit court commissioner could have rendered to the plaintiff any further assistance.

The summary proceedings to recover the possession of the lands is limited in its nature. See *Des-Roches* v. *McCrary,* 315 Mich 611. The instant ejectment suit is broader in its nature than the summary proceedings to recover possession of the lands; actual possession is involved in the summary proceedings before the circuit court commissioner but the title to the lands as well as the right of possession is involved in the instant ejectment suit. The summary proceedings before the circuit court commissioner did not preclude plaintiff from asserting in fuller form and measure her rights in the instant ejectment suit.

Plaintiff is not to be considered as precluded from asserting her title as well as asserting her right of possession.

The court was in error in dismissing the suit.

The order appealed from is reversed. The cause is remanded to the trial court for further proceedings. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.