# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

NEW PRODUCTS CORPORATION,

        Plaintiff/Counter Defendant-
        Appellant,

v

HARBOR SHORES BHBT LAND
DEVELOPMENT, LLC,

        Defendant/Counter Plaintiff/Third-
        Party Plaintiff-Appellee,

and

HARBOR SHORES GOLF COURSE, LLC,

        Defendant/Counter Plaintiff-
        Appellee,

and

WHIRLPOOL CORPORATION, MICHIGAN
MAGNET FUND E, LLC, CITY OF BENTON
HARBOR, and HORIZON BANK,

        Defendants-Appellees,

and

BENTON CHARTER TOWNSHIP and
HORIZON BANCORP,

        Defendants,

and

LARRY ALLEN HEALD and HEIDI HEALD,

        Third-Party Defendants.

FOR PUBLICATION
December 23, 2014
9:00 a.m.

No.   317309
Berrien Circuit Court
LC No.   2011-000280-CH

Before:  M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

M. J. KELLY, J.

In this real property dispute, plaintiff New Products Corporation appeals by leave granted the trial court's order granting the motion by defendants, Harbor Shores BHBT Land Development, LLC (Harbor Shores Development) and Horizon Bank, asking the trial court to limit the issues to be tried by a jury.  On appeal, the sole question is whether the trial court erred when it determined that Michigan's constitution does not guarantee the right to a jury trial on each of New Products' claims.  We conclude the trial court did not err when it determined that New Products' claims, other than its trespass claim, were equitable and had to be decided by the trial court.  Accordingly, we affirm the trial court's order.

## I.  BASIC FACTS

In 1950, Elwood and Evelyn McDorman owned a 250-foot wide parcel of land running south from Higman Park Road to the then existing channel of the Paw Paw River, which served as the boundary between the City of Benton Harbor (Benton Harbor) and Benton Charter Township (the Township).  At around that time, engineers relocated the river approximately 500 feet north.  To facilitate the relocation, Benton Harbor purchased a right of way over McDormans' land for the new channel and transferred to them a 250-foot wide parcel located to the south of their existing parcel.  After that transfer, the McDormans owned a 250-foot wide strip of land extending from Higman Park Road in the north to Klock Road in the south.  The parcel in dispute is that part of the McDormans' land which was located in the Township prior to the relocation of the river, but which is now south of the relocated river.

New Products owns and operates a manufacturing facility in Benton Harbor along Klock Road.  In 1955, New Products acquired the parcel that Benton Harbor transferred to the McDormans as part of the project to relocate the river along with the disputed parcel.  Benton Harbor taxed both parcels and New Products paid the taxes.  However, the Township continued to tax the disputed parcel and listed the taxpayer of record as Frank Hoffman.

In 1970, the Township foreclosed against Hoffman's property for unpaid taxes.  The State acquired the property, but transferred it back to Hoffman in 1973.  Larry and Heidi Heald acquired the property from Hoffman and his co-owners in 1991.  Harbor Shores Development then purchased the disputed parcel from the Healds in 2007.[1]  As part of a large development project, Harbor Shores Development conveyed a portion of the disputed parcel to Benton Harbor and a portion to defendant, Harbor Shores Golf Course, LLC (Harbor Shores Golf).  Harbor Shores Golf then constructed a golf course, which included the disputed parcel.

---

[1] Harbor Shores Development and Harbor Shores Golf later filed a third-party complaint against the Healds, but those claims are not at issue in this appeal.

In September 2011, New Products sued Harbor Shores Development, Harbor Shores Golf, Benton Harbor, the Township, and other parties that might claim an interest in the disputed parcel. New Products alleged that it was the rightful owner of the parcel and that Harbor Shores Development and Harbor Shores Golf wrongfully constructed and maintained a golf course on it. It asked the trial court to permanently enjoin Harbor Shores Development, Harbor Shores Golf, and Benton Harbor from trespassing on the disputed parcel and to quiet title to the parcel in New Products. Finally, New Products asked the trial court to declare that none of the defendants have any interest in the parcel and declare that it falls within Benton Harbor's jurisdiction. New Products demanded the right to have a jury decide all issues. New Products later amended its complaint, but the claims were substantially the same.

In April 2013, Harbor Shores Development and Horizon Bank filed a motion to limit the issues to be tried by the jury. They argued that New Products' claims for quiet title, injunctive relief, and declaratory relief were all equitable and should be decided by the court. They maintained that only New Products' claim for damages from trespass should be submitted to a jury, if necessary. The remaining defendants concurred with the motion.

The trial court held a hearing on the motion in June 2013. At the hearing, New Products maintained that its claims involving "ownership of the land and whether New Products was entitled to possession" were claims that a jury traditionally decided. It stated that its quiet title and declaratory claims were—in effect—common law actions for ejectment, which under Michigan's constitution must be decided by a jury. The trial court did not agree. The trial court noted that New Products never used the term "ejectment" in its complaint, but instead repeatedly referred to equity and equitable relief. Relying on the language in MCL 600.2932 and the related court rule, MCR 3.411, the court determined that, with the exception of New Products' claim for trespass, the claims were equitable and should be tried by the court.

The trial court entered an order granting the relief requested in the motion on July 12, 2012. This Court granted New Products' request for leave to appeal the order and for a stay pending resolution of the appeal, in August 2013.[2]

## II. RIGHT TO JURY TRIAL IN TITLE DISPUTES

### A. STANDARDS OF REVIEW

On appeal, New Products argues that Michigan's constitution protects its right to have a jury decide any claim that would have been submitted to a jury before the merger of law and equity. Because its claims for quiet title and declaratory relief are in the nature of a claim for ejectment and because ejectment was a law claim that would have been decided by a jury prior to the merger, New Products maintains that the trial court erred when it determined that New Products was not entitled to have a jury decide the title dispute. This Court reviews de novo whether the trial court properly interpreted and applied this state's constitution, statutes, and

---

[2] *New Products Corp v Harbor Shores BHBT Land Development, LLC*, unpublished order of the Court of Appeals, entered August 9, 2013 (Docket No. 317309).

-3-

court rules. *Adair v Michigan*, 486 Mich 468, 477; 785 NW2d 119 (2010); *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012). This Court also reviews de novo whether the trial court properly applied this state's common law. *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 343; 852 NW2d 180 (2014).

B. THE RIGHT TO A JURY TRIAL AFTER THE MERGER OF LAW AND EQUITY

Our Supreme Court has the power to "establish, modify, amend and simplify the practice and procedure in all courts" through general rules of practice and procedure. Const 1963, art 6, § 5. The constitution also provides that the "distinctions between law and equity proceedings shall, as far as practicable, be abolished." *Id.* With the adoption of the general court rules of 1963, our Supreme Court eliminated the separate character of actions at law and actions in equity and established one form of action, which practice continues to this day. See *Livingston v Krown Chemical Mfg, Inc*, 394 Mich 144, 149-150; 229 NW2d 793 (1975); MCR 2.101(A); MCR 2.111(A)(2)(b).

Although equity and law claims have been merged in modern practice, courts must continue to recognize the distinction between law and equity to preserve the "constitutional rights to trial by jury in legal matters and trial by court in equity matters." *Madugula v Taub*, 496 Mich 685, 705; 853 NW2d 75 (2014) (quotation marks, citation, and emphasis omitted). Courts must recognize these distinctions because our constitution provides that the "right of trial by jury shall remain . . . ." Const 1963, art 1, § 14; see also MCR 2.508(A). This guarantee preserves the right to have a jury try all issues where the right existed prior to the adoption of the constitution. *Madugula*, 496 Mich at 704; *Anzaldua v Band*, 216 Mich App 561, 564; 550 NW2d 544 (1996) ("The 'shall remain' language indicates that this provision retains the right to a jury trial as it existed at the time the constitution was adopted and neither restricts nor enlarges it."). But the right is not limited to causes of action that existed prior to the adoption of the constitution: "the constitutional guarantee also applies 'to cases arising under statutes enacted subsequent to adoption of the Constitution which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted.' " *Id.* at 704-705, quoting *Conservation Dep't v Brown*, 335 Mich 343,346; 55 NW2d 859 (1952). And, although the Legislature can confer a right to trial by jury, *Madugula*, 496 Mich at 696, it cannot abrogate an existing right by reclassifying what was traditionally a law claim as an equitable claim:

> The constitutional guaranty applied to cases arising under statutes enacted subsequent to adoption of the Constitution which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted. The right to trial by jury, in cases where it existed prior to adoption of the Constitution, may not be defeated by enactment of a statute providing for trial on the chancery side of issues formerly triable in proceedings at law. Where there are questions of fact to be determined and the issues are such that at common law a right to jury trial existed, that right cannot be destroyed by statutory change of the form of action or creation of summary proceedings to dispose of such issues without jury, in the absence of conduct amounting to waiver. [*Brown*, 335 Mich at 346-347 (citations omitted).]

In the present case, there is no dispute that New Products' claim for trespass is an action at law that must be submitted to a jury. See *Hendershott v Moore*, 188 Mich 364, 365; 154 NW 17 (1915) (stating that a simple trespass involves a claim at law rather than equity). Moreover, New Products' request for an injunction is not itself a cause of action, but rather is a request for equitable relief that can only be granted by the trial court sitting in equity. See *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). And whether the factual disputes involved in New Products' request for declaratory relief must be submitted to a jury or decided by the trial court depends on the nature of the claim underlying the request for declaratory relief. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 481 n 7; 776 NW2d 398 (2009). In this case, the claim underlying New Products' request for declaratory relief involves determining the interests held by the parties to the land at issue. As such, the primary issue on appeal is whether the trial court erred when it determined that New Products' claim under MCL 600.2932 must be decided by the trial court sitting in equity.

With MCL 600.2932, the Legislature created a new statutory cause of action described as an action to determine interests in land.[3] The Legislature provided that it should take effect in January 1963 as part of the revised judicature act. 1961 PA 236. Because this statutory cause of action came into effect after the adoption of the constitution, this Court must determine whether claims brought under it are to be tried by a jury or by the trial court. *Madugula*, 496 Mich at 704-705. In making this determination, we first examine the statutory scheme to see if the Legislature intended to provide a statutory right to have a jury decide claims brought under MCL 600.2932. *Id.* at 696.

The Legislature did not explicitly provide a right to have a jury decide a claim brought under MCL 600.2932. Instead, it provided that actions brought "under this section are equitable in nature." MCL 600.2932(5). Equitable actions were historically tried by the court sitting in equity rather than by a jury. *Madugula*, 496 Mich at 701. Accordingly, the Legislature's decision to provide that actions brought under MCL 600.2932 are equitable must be understood to express the Legislature's intent to preclude trial by jury for claims brought under that statute. See *Wolfenden v Burke*, 69 Mich App 394, 399; 245 NW2d 61 (1976) ("The only apparent purpose, therefore, of the statutory provision that actions under [MCL 600.2932] are equitable in nature is to establish that there is no right to trial by jury in this type of action.").

Having determined that the Legislature intended causes of action brought under MCL 600.2932 to be decided by the trial court sitting in equity, this Court must next examine whether the Legislature's decision contravenes Const 1963, art 1, § 14. *Madugula*, 496 Mich at 704. In order to make that determination, we examine the statutory cause of action to see if it is similar "in character to cases in which the right to jury trial existed before the Constitution was adopted." *Id.* at 704-705 (quotation marks and citation omitted). The statutory cause of action must be examined as a whole and compared to causes of action that preexisted the adoption of the constitution to determine whether it would have been treated as a claim at law or in equity:

---

[3] As originally drafted, this statute was titled: "Quieting title." 1961 PA 236, § 2832(1), p 527.

-5-

We focus on "the nature of the controversy between the parties. . . ." If the nature of the controversy would have been considered legal at the time the 1963 Constitution was adopted, the right to a jury trial is preserved. However, if the nature of the controversy would have been considered equitable, then it must be heard before a court of equity.

In making this determination, we consider not only the nature of the underlying claim, but also the relief that the claimant seeks. Indeed, equity will not take "jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity." Accordingly, we must consider the relief sought as part of the nature of the claim to determine whether the claim would have been denominated equitable or legal at the time the 1963 Constitution was adopted. [*Id.* at 705-706.]

Accordingly, in order to determine how the cause of action provided under MCL 600.2932 would have been treated prior to the adoption of the constitution of 1963, it is necessary to examine the legal and equitable actions that were available to settle disputes over interests in real property.

## C. CLAIMS INVOLVING INTERESTS IN REAL PROPERTY

Traditionally, Michigan courts recognized two distinct methods for determining interests in or title to real property: an action at law for ejectment and an action in equity to quiet title. See *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 711; 742 NW2d 704 (2007).

An action for ejectment vindicated a plaintiff's right to possess real property. *Brown v Eckel*, 259 Mich 551, 553; 244 NW 160 (1932). Because an action for ejectment was premised on wrongful dispossession, a plaintiff could not bring the action if he or she was in actual possession of the property at issue. *Beaver v Zwonack*, 250 Mich 96, 97-99; 229 NW 598 (1930) (stating that the plaintiff could not have brought an action at law for ejectment because he was in possession at the time; instead, he properly brought an action in equity to settle the boundary dispute and enjoin his neighbor from removing the fence). For these reasons, the only remedies available to a plaintiff who prevailed in an action for ejectment were "damages for the trespass and a writ of possession." *Hawkins v Dillman*, 268 Mich 483, 489; 256 NW 492 (1934). Nevertheless, actions for ejectment frequently involved competing claims of ownership, which the finder of fact would have to resolve in order to determine which party had the right to possess the property. See *White v Zeigenhardt*, 339 Mich 195, 197; 63 NW2d 625 (1954) (stating that the remedies available in an action for ejectment are broader than those involved in a summary proceeding to recover possession; an ejectment suit involves both title to the lands and the right of possession); *Brown*, 259 Mich at 552-554. Accordingly, an action for ejectment was a proper action for resolving disputes concerning who held paramount legal title to property and the right to immediate possession.

An action for ejectment was an action at law and, absent a waiver of the right, had to be submitted to a jury. See *Featherson v Pontiac Township*, 310 Mich 129, 133; 16 NW2d 689 (1944). The right to have a jury determine actions in ejectment ensured that a person in peaceable possession of property would not be disseized "except by a judgment of his peers . . . ." *Kamman v Detroit*, 252 Mich 498, 500; 233 NW 393 (1930). Because an action for ejectment was an action at law, a defendant could not assert equitable defenses to defeat the suit. *Lundberg v Wolbrink*, 331 Mich 596, 598-599; 50 NW2d 168 (1951). Rather, the action for ejectment concerned parties who each claimed legal title to the property—as opposed to an equitable interest in the property. See *Gilford v Watkins*, 342 Mich 632, 637-638; 70 NW2d 695 (1955) (refusing to recognize the equities involved between the parties because the plaintiff sued in an action for ejectment and a vendee's title on a land contract is equitable and courts will not take cognizance of equitable title in an action at law); *Carpenter v Dennison*, 208 Mich 441, 445-446; 175 NW 419 (1919). Similarly, a plaintiff could not use an action for ejectment to challenge the validity of the defendant's legal title on equitable grounds; in such a case, the plaintiff had to sue in equity to invalidate the defendant's title. See *Moran v Moran*, 106 Mich 8, 12-13; 63 NW 989 (1895).

An action to quiet title, by contrast, did not normally involve competing claims to legal title or the right to possession, but instead addressed interests that might impair a party's ability to convey legal title. See *Tray v Whitney*, 35 Mich App 529, 533; 192 NW2d 628 (1971) (stating that an action to quiet title is an action whereby "one in possession of property seeks to clear title against the world"). It was intended to reach persons who were not in possession and, therefore, who could not be compelled to defend their rights at law. *Featherson*, 310 Mich at 133. A plaintiff claiming legal title could not assert a claim to quiet title against a party in actual possession of the property; instead, the plaintiff normally had to proceed at law in an action for ejectment. *White*, 339 Mich at 197; *Featherson*, 310 Mich at 132-133. Further, the parties to a claim involving equity did not have a right to a jury trial; instead, such claims had to be decided by the trial court sitting in equity: "Long ago, we recognized that '[t]he right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury.' " *Madugula*, 496 Mich at 705, quoting *Brown v Buck*, 75 Mich 274, 284; 42 NW 827 (1889).

A court sitting in equity could, however, decide a claim which properly invoked equity jurisdiction even though the request for relief included a request for possession. *Whipple v Farrar*, 3 Mich 436, 446 (1855) (rejecting the notion that a plaintiff must sue in equity to invalidate another's title and then sue at law in order to eject the defendant from the property and stating that a court sitting in equity has the authority to grant full relief, which includes the power to decree the surrender of possession). Similarly, a court sitting in equity could under some circumstances order the payment of money damages. *Madugula*, 496 Mich at 713-714. Finally, although potentially involving independent causes of action, a court sitting in equity also had jurisdiction to take actions that might indirectly affect interests in title; for example, a court sitting in equity could void, rescind, or reform deeds and create or modify interests in land under various equitable theories and could consider the full panoply of equitable defenses to a claim asserting an interest in land. See *Lundberg*, 331 Mich at 598-599; *Moran*, 106 Mich at 12-13; *Eastbrook Homes, Inc v Treasury Dept*, 296 Mich App 336, 352; 820 NW2d 242 (2012) ("A court of equity may impose and foreclose an equitable mortgage on a parcel of real property when no valid mortgage exists but some sort of lien is required by the facts and circumstances of the parties' relationship."); *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281

Mich App 364, 371-372; 761 NW2d 353 (2008) ("Michigan courts sitting in equity have long had the power to reform an instrument that does not express the true intent of the parties as a result of fraud, mistake, accident, or surprise.").

With this background in mind, we shall now examine the nature of the cause of action provided under MCL 600.2932.

### D. THE STATUTORY ACTION TO DETERMINE INTERESTS IN LAND

MCL 600.2932 represents the Legislature's effort to provide a simplified cause of action to address every possible competing interest in real property. To that end, the Legislature provided that a plaintiff who claims any interest—without regard to the nature of the interest—in a particular piece of real property may sue any other person with a competing claim to the property: "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . ." MCL 600.2932(1). Notably, the statute does not limit the interests that may be resolved to those arising at law; indeed, a plaintiff may sue even when relying on an interest that arises in equity and may sue another person on the mere possibility that the other person "might" make a claim that is inconsistent with the plaintiff's claimed interest. *Id.* Similarly, the Legislature provided that the plaintiff may sue "whether he [or she] is in possession of the land in question or not" and may do so without regard to "whether the defendant is in possession of the land or not." *Id.* Thus, a plaintiff in possession is not precluded from suing to confirm his or her title and right of possession, as would be the case in an action for ejectment. *Beaver*, 250 Mich at 98-99.

The Legislature provided some limits on the right to sue under MCL 600.2932. If the person claiming an interest seeks to recover land under a mortgage, that person may not sue under MCL 600.2932(1) until the mortgagee's title has become absolute. MCL 600.2932(2). Likewise, a person seeking to recover possession of land sold under a land contract cannot use MCL 600.2932(1) to recover possession if that person would be able to obtain relief using the summary proceedings available under MCL 600.5714. See MCL 600.2932(2).

The Legislature did not address the full extent of the relief available in a claim under MCL 600.2932. However, because the cause of action involves competing interests in real property, MCL 600.2932(1), it is evident that circuit court has the authority to resolve every dispute involving competing interests in land. See also MCR 3.411 (stating the rules governing actions to determine interests in land under the statute and providing for specific types of relief).[4] Moreover, the Legislature provided that, should the plaintiff establish title to the disputed land,

---

[4] On appeal, defendants argue that the court rules support an inference that there is no right to a jury trial on claims brought under MCL 600.2932. Specifically, they note that MCR 3.411(D)(1) provides that the court shall make the necessary findings to resolve the disputed rights. This argument is inapposite; the determination at issue depends on the nature of the controversy encompassed within the cause of action and whether such controversies were a matter for the jury or a court sitting in equity under prior practice. *Madugula*, 496 Mich at 705-706.

the court shall order the defendant or defendants to release all claims. MCL 600.2932(3). The Legislature also provided the court with authority to issue writs to permit the recovery of possession: "In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this state in which the premises recovered are situated." *Id.*

The cause of action stated under MCL 600.2932 is broader than that provided by the common law claim for ejectment and the equitable action to quiet title—even when those causes of action are considered together; a careful reading shows that it includes *any claim*, whether actual or potential and without regard to the legal or equitable theory underlying the claim, as long as the claim concerns competing interests in land. See *Adams*, 276 Mich App at 714-721 (recognizing that a claim under MCL 600.2932 includes all actions to decide interests in land, even when the claim involves fraud or rescission, and holding that the 15-year period of limitations applies to such an action rather than the shorter periods applicable to typical claims for fraud and rescission). The only limits are those applicable to interests arising under a mortgage or to recover on a land contract. See MCL 600.2932(2). It is, therefore, not accurate to state that the Legislature merely combined the common law claim for ejectment and the equitable action to quiet title with the enactment of MCL 600.2932(1). See *Tray*, 35 Mich App at 534 (stating that MCL 600.2932 combined "the two actions of ejectment and quiet title, and created a single action to determine interests in land"). Instead, the Legislature crafted the cause of action to broadly apply to every dispute involving a claimed interest in real property, whether arising under law or equity.

## E. APPLYING THE LAW

It is true that a court sitting in equity would not assert jurisdiction over a disputed interest in real property if the plaintiff could obtain full, complete, and adequate relief through an action for ejectment. See *Hawkins v Dillman*, 268 Mich 483, 488; 256 NW 492 (1934); see also *Marshall v Ullman*, 335 Mich 66, 73; 55 NW2d 731 (1952) (stating that equity will not take jurisdiction where a suitor has full, complete, and adequate remedy at law unless it is shown that some feature of the case is peculiarly within the province of a court of equity). But the common law action for ejectment applied to a narrow set of circumstances. A plaintiff could not bring an action for ejectment if he or she was in actual possession of the land, *Beaver*, 250 Mich at 98-99, if the claim involved equitable interests, *Gilford*, 342 Mich at 637-638, or depended on the modification of legal title through equitable doctrines, *Lundberg*, 331 Mich at 598-599; *Moran*, 106 Mich at 12-13, or, in some instances, where the interest at issue involved less than full legal title, *McMorran Milling Co v Pere Marquette Ry Co*, 210 Mich 381; 178 NW 274 (1920) (noting that an action for ejectment will not normally lie to recover possession of an easement). By contrast, once equity properly acquired jurisdiction to hear a claim involving an interest in real property, equity had jurisdiction to consider the totality of the circumstances and grant appropriate relief, which might include a determination of legal title, damages, and possession. See *Hawkins*, 268 Mich at 488 ("Of course, where a court of chancery has jurisdiction of the subject matter on an independent ground, it may determine the question of title, although an action of ejectment would likewise be open."). That is, while an action for ejectment was limited to a narrow set of circumstances and never permitted the grant of equitable relief, an equitable action—such as quiet title—could apply to a broad array of factual patterns and included both equitable relief and relief traditionally thought of as legal. *Whipple*, 3 Mich at 446; see also

*Madugula*, 496 Mich at 713-714; *Anzaldua*, 216 Mich App at 576 n 4 ("[T]he mere fact that damages are sought is not determinative of the legal or equitable nature of the action, because damages may be recovered in purely equitable proceedings."). Hence, under prior practice, a plaintiff's claim involving title might be brought in either a court of law or a court sitting in equity, depending on the manner in which the plaintiff pleaded his or her claim. If the plaintiff was out of possession and his or her claim involved only questions of legal title and the right of possession, the claim is one for ejectment and must be decided by a jury. See *Dolph v Norton*, 158 Mich 417, 425; 123 NW 13 (1909) ("It is the settled law of this state that a bill to quiet title brought by one not in possession against one who is cannot take the place of an action of ejectment, where the only questions at stake are the legal title and legal right of possession."). If, however, the plaintiff properly invoked equity, that claim would be decided by a court sitting in equity even though it might also involve a determination of title and the right to possession. See *Hawkins*, 268 Mich at 488. Because a court sitting in equity could resolve competing claims to title and possession, the fact that a plaintiff's claim involves title or possession does not by itself implicate Const 1963, art 1, § 14.

To the extent that the Legislature included the common law action for ejectment within the cause of action described under MCL 600.2932, our Constitution protects the right to have a jury decide that claim.[5] See Const 1963, art 1, § 14; see also *Wolfenden*, 69 Mich App at 399 (stating in dicta that, if a cause of action brought under MCL 600.2932 would have been an action in ejectment under prior practice, "the right to trial by jury is preserved because ejectment was a civil action at law triable by jury at the time the constitutional guarantee of the right to jury trial was adopted"). But our constitution also protects the right to have a court decide claims that would have fallen under equity's jurisdiction under prior practice.[6] *Madugula*, 496 Mich at 705. And, because this Court must uphold the constitutionality of a statute to the greatest extent possible, we must uphold the Legislature's directive to have claims brought under MCL 600.2932 decided by a court sitting in equity, if at all possible. See *Avis Rent-A-Car Sys, Inc v City of Romulus*, 400 Mich 337, 348-349; 254 NW2d 555 (1977); *Tabor v Cook*, 15 Mich 322 (1867) ("The courts will always construe a legislative act so as to give it effect as law, if it be practicable to do so."). In order to give effect to MCL 600.2932(5) while still preserving the

---

[5] With the enactment of MCL 600.2932, the Legislature did not expressly abrogate the common law action for ejectment. Although one might conclude that the Legislature implicitly abrogated the common law action for ejectment, courts will not lightly presume the abrogation or modification of the common law. See *Dawe v Bar-Levav & Assoc, PC*, 485 Mich 20, 28; 780 NW2d 272 (2010). Because the issue is not now before us, we need not determine whether the common law cause of action for ejectment remains even after the enactment of MCL 600.2932.

[6] Under prior practice a defendant who had an equitable defense to a claim for ejectment had the right to stay the action for ejectment while he or she asked a court sitting in equity to convert his or her equitable claim into legal title that could be asserted as a defense to the action for ejectment. See, e.g., *Johnston v Loose*, 201 Mich 259, 261 (opinion by Bird, J.), 263-264 (opinion by Fellows, J.); 167 NW 1021 (1918). Accordingly, in modern practice, where a defendant asserts an equitable defense that could give rise to legal title, the trial court would have to hear and decide that issue before the action for ejectment could be submitted to a jury.

-10-

right to a jury guaranteed by Const 1963, art 1, § 14, we hold that a trial court sitting in equity must decide any claim to determine interests in land brought under MCL 600.2932 unless the plaintiff's claim—as pleaded—clearly fits within the narrow confines of a traditional common law action for ejectment, or other action at law. That is, if the plaintiff pleads a claim that on its face could only have been brought in a court of law under prior practice, the claim must be submitted to a jury; if, however, the claim could plausibly have been decided by a court sitting in equity under prior practice, the claim must be decided by the court sitting in equity as required by MCL 600.2932(5).

Under Count III of its amended complaint, New Products specifically asked the trial court to grant it equitable relief and "quiet title" under MCL 600.2932 against every defendant "regarding the Property." It also alleged that it never conveyed any "right, title, or interest" in the property to any of the defendants and none of the defendants had any right to enter or use the property "by lease, license, or otherwise." It then asked the trial court to enter judgment in its favor determining that New Products "holds full legal and equitable title to the entire Property in fee simple absolute, free and clear of any and all claims, liens or encumbrances . . . and quieting title to the Property for ever in New Products . . . ." New Products also asked the trial court to "grant such other relief as is equitable . . . ."

As is evident from the pleadings, New Products specifically invoked equity and asked the trial court to resolve any and all claims that any of the defendants might have in the real property at issue under MCL 600.2932. Because New Products could not obtain equitable relief in an action for ejectment and could not obtain relief with regard to any claimed interests other than claims to legal title, its claim would have sounded in equity under prior practice. Consequently, New Products was not entitled to have a jury decide this claim.

III. CONCLUSION

The trial court did not err when it determined that—as pleaded—New Products' claims, other than its trespass claim, sounded in equity and had to be decided by the court sitting in equity. Accordingly, we affirm the trial court's order.

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Because this appeal involved an issue of importance to the bench and bar, we order that none of the parties may tax their costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-11-