# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA BEAL, f/k/a LAURA FILIBECK, and
LISA LAPLANT, f/k/a LISA FILIBECK,

Plaintiffs-Appellants,

v

OFFICE OF RETIREMENT SERVICES,

Defendant-Appellee.

UNPUBLISHED
March 8, 2016

No. 324980
Court of Claims
LC No. 14-000128-MZ

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

The Court of Claims granted summary disposition to defendant pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and dismissed plaintiffs' claim because plaintiffs did not timely file the claim or notice of the claim against defendant as required by MCL 600.6431(1), a provision of the Court of Claims Act, MCL 600.6401 *et seq*. Plaintiffs appeal as of right. We affirm.

## I. BACKGROUND

Plaintiffs are the adult daughters of Stephen Filibeck, a former State of Michigan employee who died in 2010. The underlying facts of this case involve a dispute between plaintiffs and Stephen's widow, Heidi Filibeck, over the benefits of Stephen's state-administered life insurance policy. Plaintiffs initially sued Heidi in the Menominee Circuit Court on March 6, 2013, and later added the State of Michigan Office of Retirement Services (ORS) as a defendant on April 30, 2014. ORS moved to dismiss plaintiffs' claim against it because the claim was filed more than one year after plaintiffs' claim accrued. MCL 600.6431(1). ORS simultaneously filed a notice of transfer under MCL 600.6404(3),[1] transferring plaintiffs' case against it to the Court

---

[1] MCL 600.6404(3) provides in pertinent part the following:

> [A]ny matter within the jurisdiction of the court of claims described in [MCL 600.6419(1)] pending or later filed in any court must, upon notice of the state or a department or officer of the state, be transferred to the court of claims. . . . The transfer shall be effective upon the filing of the transfer notice.

-1-

of Claims.  Thereafter, the Court of Claims concluded that plaintiffs' claim accrued no later than January 22, 2013, so their April 30, 2014 claim against ORS was untimely.  Accordingly, the court granted ORS's motion for summary disposition and dismissed plaintiffs' claim against ORS.  Plaintiffs then filed a motion for reconsideration, which the court denied.

## II.  PLAINTIFFS' CLAIMS ON APPEAL

Plaintiffs argue on appeal that their claim was not time-barred because they did not learn of a possible claim against ORS until September 5, 2013, when their attorney received documents related to the insurance beneficiary designation through discovery in the action against Heidi.  Plaintiffs also argue that ORS improperly transferred the case to the Court of Claims because the circuit court has jurisdiction over jury-trial claims against the state.  Finally, plaintiffs argue that the Court of Claims erred when it denied their motion for reconsideration. We disagree with each of these arguments.

## A.  CLAIM ACCRUAL

The Court of Claims has exclusive jurisdiction over claims against the state or any of its departments or officers.  MCL 600.6419.  "Generally, governmental agencies in Michigan are statutorily immune from tort liability."  *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012).  "However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed."  *Id*.  "One such condition on the right to sue the state is the notice provision of the Court of Claims Act, MCL 600.6431."  *Id*. MCL 600.6431(1) states the following:

> *No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files* in the office of the clerk of the court of claims *either a written claim or a written notice of intention to file a claim* against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.  [Emphasis added.]

Generally, a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  MCL 600.5827.  In the Court of Claims, a claim accrues for purposes of MCL 600.6431(1) when a "suit may be maintained thereon."  *Cooke Contracting Co v Michigan*, 55 Mich App 336, 338; 222 NW2d 231 (1974).

The gravamen of plaintiffs' action against the state is that ORS improperly told Minnesota Life Insurance Company that there was no valid beneficiary designation on file, which resulted in Stephen's life insurance proceeds being paid to Heidi by default.  Regardless of whether this is a viable claim, the question for purposes of this appeal is when the claim accrued. In their March 6, 2013 complaint, plaintiffs asserted that they were named as beneficiaries of their father's life insurance policy in 1995.  On January 22, 2013, plaintiffs' attorney received a letter from the insurance company, dated January 17, 2013, which stated that "[t]he State of Michigan is the record keeper of this policy," and that there was only one beneficiary designation

form on file with the state. The letter explained that the beneficiary designation named Heidi as the primary beneficiary, but that the designation was invalid because it was not stamped by ORS.

To the extent that plaintiffs allege that ORS negligently or otherwise improperly kept, handled, or transmitted documents related to Stephen's life insurance policy, the wrong upon which their claim is based must have occurred before the insurance company sent the January 17, 2013 letter, notifying plaintiffs that there was no form identifying them as the primary beneficiaries of Stephen's life insurance policy. Accordingly, plaintiffs' claim accrued before January 17, 2013. Because plaintiffs' claim accrued before January 17, 2013, and they did not file notice or suit against ORS until 15 months later on April 30, 2014, they failed to meet the 1-year requirement of MCL 600.6431(1).

## B. TRANSFER TO THE COURT OF CLAIMS

Plaintiffs next assert that ORS improperly transferred the case to the Court of Claims because the Court of Claims lacked jurisdiction to hear the claim and because the case belonged in the Menominee Circuit Court. Further, plaintiffs argue that they had a right to a jury trial. However, MCL 600.6421(1) of the Court of Claims Act states the following:

> Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013. Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law. Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.

The right to jury trial exists in a civil case in three situations: (1) if the right existed before 1963 (the year the Michigan Constitution was adopted), (2) if the case arises under a statute enacted after the adoption of the Constitution that is similar in character to a case in which a right to jury trial existed before the Constitution was adopted, or (c) if the Legislature conferred the right to jury trial by statute. *New Prods Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 645; 866 NW2d 850 (2014). Historically, the right to a jury trial exists for legal, but not equitable, claims. *Id*. MCL 600.6419 provides the Court of Claims with exclusive jurisdiction over equitable claims against the state.

Although plaintiffs' original complaint against ORS only contained claims for equitable relief, plaintiffs attempted to amend their complaint to add breach of contract and negligence claims against ORS,[2] and requested an unspecified amount of money damages, on the basis of

---

[2] At the outset, we note that at the time plaintiffs filed this second amended complaint in the Menominee Circuit Court, ORS had already filed its notice transferring the case to the Court of

their belief that these legal claims would be triable before a jury in the circuit court. However, "[t]he Court of Claims has exclusive jurisdiction to hear claims against the state and any of its instrumentalities for money damages." *Bay Mills Indian Community v Michigan*, 244 Mich App 739, 748; 626 NW2d 169 (2001). Contrary to plaintiffs' contention, nothing in the newly revised Court of Claims Act[3] purports to change this rule. There is no right to a jury trial against the state in the Court of Claims. MCL 600.6443; see also *Lumley v Bd of Regents for Univ of Mich*, 215 Mich App 125, 133; 544 NW2d 692 (1996) ("The clear intent of the Legislature in creating the Court of Claims is that parties to an action against the state will have their respective rights and liabilities determined by a judge and not a jury.").

Plaintiffs argue that the language in the recently revised Court of Claims Act confers a right to a jury trial on any plaintiff seeking legal redress from the state. The plain language of the statute is contrary to this assertion. MCL 600.6421 begins with the phrase, "Nothing in this chapter eliminates or *creates* any right a party may have to a trial by jury." (Emphasis added.) Accordingly, the clear language of the amended Court of Claims Act should not be construed to affect any party's right to a jury trial.

Further, the language of MCL 600.6421(3) contemplates cases within the jurisdiction of the Court of Claims being joined with cases in the circuit court. It states, "A case in the court of claims that has been joined with the approval of all parties shall be tried and determined by the judge even though the trial court action with which it may be joined is tried to a jury under the supervision of the same trial judge." MCL 600.6421(3). This language is substantially similar to the language before the 2013 amendment,[4] and nothing in the revised language suggests that claims for money damages against the state are to be tried by a jury in the circuit court.

Parties asserting claims for money damages against the state before the 2013 amendment did not have a right to a jury trial, and the revised language of MCL 600.6421 makes it clear that the Legislature did not intend to create a right to a jury trial that did not exist before the amendment. Therefore, the Court of Claims had jurisdiction, and the transfer of the case from the circuit court to the Court of Claims was proper under MCL 600.6404(3).

---

Claims. Plaintiffs never filed this second amended complaint in the Court of Claims. Accordingly, it does not appear that plaintiffs' legal claims against ORS were ever properly filed in either the circuit court or the Court of Claims.

[3] See 2013 PA 164.

[4] The previous language of MCL 600.6421, as amended by 1984 PA 212, stated the following:

> Cases in the court of claims may be joined for trial with cases arising out of the same transaction or series of transactions which are pending in any of the various trial courts of the state. A case in the court of claims shall be tried and determined by the judge even though the trial court action with which it may be joined is tried to a jury under the supervision of the same trial judge.

C.  MOTION FOR RECONSIDERATION

Finally, plaintiffs contend that the Court of Claims abused its discretion by denying their motion for reconsideration.  "We review a trial court's ruling on a motion for reconsideration for an abuse of discretion."  *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).  "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes."  *Id*. at 605-606.

As discussed above, the Court of Claim's decision granting ORS's motion for summary disposition was proper because plaintiffs' claim against ORS was untimely pursuant to MCL 600.6431(1).  Further, the transfer from the Menominee Circuit Court to the Court of Claims was proper because the Court of Claims has exclusive jurisdiction over claims for money damages against the state and its departments, and because ORS filed proper notice of the transfer.  Accordingly, the trial court's decision denying plaintiffs' motion for reconsideration was not an abuse of discretion.

Affirmed.


/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien