*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL TOWNSEND,

        Plaintiff-Appellant,

and

MERCYLAND HEALTH SERVICES, PLLC,

        Intervening Plaintiff,

v

DEANDRE ESTERS, STEPHEN DAVID
CAMPAU, DMCARE EXPRESS, INC, HORACE
MANN PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
January 19, 2023

No. 358570
Wayne Circuit Court
LC No. 19-005072-NI

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting the motion to enforce a settlement agreement in favor of defendant, Horace Mann Property and Casualty Insurance Company ("Horace Mann").[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a May 21, 2018 automobile accident in Detroit, Michigan. Plaintiff alleged he was severely injured after his vehicle was rear-ended in a multi-vehicle collision. He filed the complaint in this case alleging, among other things, negligence against the other drivers

---

[1] Though defendants Deandre Esters and Stephen David Campau are named in this appeal, the issues raised on appeal only involve defendants DMCare Express, Inc. and Horace Mann.

and their proxies. The complaint also sought first-party personal injury protection (PIP) benefits against his automobile insurer, Horace Mann.

Plaintiff settled his claims against defendants Deandre Esters, Stephen David Campau, and DMCare Express, Inc. Some months later, Horace Mann and plaintiff's counsel entered settlement negotiations. They apparently reached an agreement, but the agreement was not reduced to writing. In the following months, plaintiff's counsel informed Horace Mann that plaintiff would not sign the agreement. Horace Mann moved the trial court to enforce the settlement agreement. At the hearing on the motion, plaintiff's counsel indicated that although plaintiff would not agree to sign the agreement, plaintiff authorized counsel to sign the agreement in his stead. The trial court granted the motion. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

An issue is preserved if it is raised in the trial court. *Peterman v State Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Plaintiff makes a number of arguments on appeal, none of which were raised in the trial court. Therefore, none of plaintiff's arguments are preserved for review. *Id*. Unpreserved claims of error are reviewed for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). To show plain error, a party must demonstrate: "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [the party's] substantial rights. The third factor requires [the party] to show [they were] prejudiced by the error such that it affected the outcome of the proceedings . . . ." *Id*. (quotation marks and citations omitted).

## III. LAW AND ANALYSIS

As an initial matter, we must clarify the nature of plaintiff's arguments on appeal. Plaintiff does not deny that he authorized his attorney to sign the settlement agreement in his stead. Nor does he challenge the validity or the enforceability of the settlement agreement with Horace Mann. Rather, he challenges the *effect* of the settlement agreement on his rights to further adjudicate this case. Although we address all the arguments, we conclude that they lack merit.

Plaintiff first argues that the settlement agreement with Horace Mann deprived him of his constitutional right to a jury trial. The Michigan Constitution guarantees the right to a trial by jury in certain circumstances. *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 645; 866 NW2d 850 (2014), citing Const 1963, art 1, § 14. However, a party may also waive their right to a jury trial. See *In Nestorovski Estate*, 283 Mich App 177, 193; 769 NW2d 720 (2009) ("The right to a jury trial . . . may be waived. So, also, may the right to litigate be waived.") (quotation marks and citation omitted). The settlement agreement terminated plaintiff's right to a jury trial against Horace Mann. Because plaintiff does not challenge the validity of the settlement agreement, we presume the agreement is valid and, by enacting the settlement agreement, plaintiff voluntarily relinquished his right to a jury trial. Thus, there is no plain error in the trial court's failure to preserve plaintiff's right to a jury trial.

Next, plaintiff contends that Horace Mann failed to pay certain expenses it was obligated to cover. It is impossible for this Court to analyze the issue because the record is silent with regard to Horace Mann's payments for PIP benefits. Furthermore, because plaintiff settled this case in

exchange for the release and "forever discharge" of any claims against Horace Mann, it is not evident how Horace Mann's failure to make any discrete payments in the past would be actionable now. As such, this argument has no merit.

Plaintiff also claims that the trial judge was biased against him as evidenced by the judge's attempt to coerce him into settling his case against Horace Mann. There is no evidence as to what was said during this conversation except for a reference in plaintiff's supplemental response to Horace Mann's motion to enforce the settlement in which plaintiff stated, "Counsel has informed Plaintiff that should he continue to refuse to sign, the Court advised that this matter would be dismissed." A party claiming judicial bias must overcome a heavy presumption of judicial impartiality. *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001). Aside from generally asserting judicial bias, plaintiff presents no evidence of the same. He further claims that the trial court should have told plaintiff's counsel that plaintiff wanted to take this case to trial, but he offers no authority for this position. Therefore, both of plaintiff's challenges to the trial court's actions fail.

Plaintiff suggests he was denied the effective assistance of counsel because counsel did not assert his desire to proceed to trial. The right to trial generally only attaches to criminal proceedings, not purely civil proceedings, as is the case here. US Const, Am VI; Const 1963, art 1, § 20; see also *United States v $100,375 in US Currency*, 70 F3d 438, 440 (CA 6, 1995). Instead, any remedy plaintiff would have against his counsel would be a malpractice action—which plaintiff does not raise.

Finally, plaintiff argues that the trial court erred by failing to force DMCare Express, Inc, to provide plaintiff with a copy of the insurance policy covering defendant Campau. Although plaintiff asserts he "should" have been provided a copy of this policy, plaintiff provides no authority for this proposition. Accordingly, there is no plain error affecting plaintiff's substantial rights in the trial court's failure to order a copy of the insurance policy.

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett