*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEW PRODUCTS CORPORATION,

Plaintiff-Appellant,

UNPUBLISHED
May 18, 2023

v

No. 361412
Wayne Circuit Court
LC No. 21-003072-NM

BUTZEL LONG,

Defendant-Appellee.

Before: GLEICHER, C.J., and HOOD and MALDONADO, JJ.

PER CURIAM.

In this legal malpractice action, plaintiff, New Products Corporation, appeals by right the March 18, 2022 order of Wayne County Circuit Judge Muriel D. Hughes granting summary disposition in favor of the defendant law firm, Butzel Long, pursuant to MCR 2.116(C)(7) (claim is time-barred). We reverse.

## I. BACKGROUND

This case arises from a property dispute between New Products and the Harbor Shores Golf Course. Late in 2008, while Harbor Shores was constructing the golf course, New Products explored bringing an action against Harbor Shores to quiet title based on New Products' contention that a portion of the course's 18th hole was to be constructed on land actually owned by New Products. An attorney from Butzel Long initially represented New Products in this matter; however, the firm was later dismissed, and in 2011, New Products brought this malpractice suit against Butzel Long in which it alleged professional negligence regarding the firm's handling of the action to quiet title.

On January 23, 2012, New Products and Butzel Long executed an open-ended tolling agreement in which the parties agreed that the lawsuit would be dismissed without prejudice and the statute of limitations would be tolled while New Products litigated its underlying claim against Harbor Shores. This agreement provided, in relevant part:

\* \* \*

-1-

New Products alleged in a Complaint filed in Wayne County Circuit Court (Case Number 11-007915-CK) that it does not owe any money to Butzel Long and that Butzel Long committed legal malpractice in its representation of New Products by the following attorneys, without limitation, Susan L. Johnson, William B. Clifford Jr., and Patrick A. Karbowski, and that Butzel Long failed to meet the obligations of its agreement to represent New Products (collectively, the "Claims"), allegations that are denied by Butzel Long. Butzel Long has alleged in its Counterclaim that it is owed substantial attorney's fees by New Products.

In September 2011, New Products filed [the underlying lawsuit]. If New Products is successful in the Berrien County Lawsuit, parts or potentially all of the Complaint against Butzel Long for legal malpractice may be rendered moot. The outcome of the Berrien County Lawsuit may affect the liability and damages at issue in this case.

The Parties agree to dismiss their respective actions currently pending in the Wayne County Circuit Court, without prejudice and without costs.

The Parties agree to toll the Statute of Limitations with respect to any and all of New Products Claims against Butzel Long, and Butzel Long's claims against New Products, in order to give New Products time to litigate the lawsuit in Berrien County.

**NOW THEREFORE**, the Parties agree as follows:

1. All applicable Statutes of Limitation as to the Claims are tolled, effective immediately. The Parties waive any Statute of Limitations or laches defense based upon the lapse of time under the applicable Statute of Limitations or laches for the time periods covered by this Agreement. . . .

2. The effective date of this Agreement is December 13, 2011. This Agreement will remain in effect until 60 days after there is a final adjudication to all Defendants in the Berrien County Lawsuit, including any appeals to the Michigan Court of Appeals or Michigan Supreme Court.

\* \* \*

After several years of litigating the underlying dispute, which included multiple appeals in this Court,[1] Harbor Shores ultimately prevailed. New Products then resumed its litigation against Butzel Long, asserting that Butzel Long's negligence resulted in New Products losing title to the disputed land. However, in 2013, while the underlying action was still being litigated, the Legislature enacted MCL 600.5838b (statute of repose), which bars legal malpractice actions that

---

[1] *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638; 866 NW2d 850 (2014); *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614; 953 NW2d 476 (2019).

are commenced "[s]ix years after the date of the act or omission that is the basis for the claim." The trial court ultimately granted summary disposition in favor of Long, reasoning that the litigation was barred by the statute of repose. This appeal followed.

## II. DISCUSSION

We agree with New Products that the trial court's interpretation of the agreement was erroneous because interpreting the tolling agreement as to include the statute of repose is consistent with the contract's plain language and because excluding it is contrary to the clear intent of the parties.

A trial court's interpretation of a contract is subject to de novo review. *Zwiker v Superior State Univ*, 340 Mich App 448, 474; 986 NW2d 427 (2022).

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties; to this rule all others are subordinate." *Joseph & Anita Russell Trust v Russell*, 338 Mich App 170, 179; 979 NW2d 672 (2021) (quotation marks and citation omitted). To accomplish this, a court must "examine the language of the contract according to its plain and ordinary meaning." *Ingham Co v Mich Co Rd Comm Self-Ins Pool*, 508 Mich 461, 477; 975 NW2d 826 (2021). When determining the meaning of a contract, this Court gives "the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 89; 985 NW2d 225 (2022).

New Products argues that the parties' intent "was to craft an agreement which would ease the litigation burdens on both Butzel and New Products, for the duration of time it took to resolve the Underlying Case through the appellate system." New Products argues that the trial court, therefore, erred by interpreting the "language of the contract to allow for the dismissal of the malpractice claim based on a statute which was not in existence at the time that the tolling agreement was executed and made binding." Butzel Long argues that the agreement was properly interpreted because the statute of repose was not named as a statute that was tolled.

As discussed above, the intent of contractual interpretation is to ascertain and give effect to the intent of the parties. *Russell Trust*, 338 Mich App at 179. It is undeniable, both from the language of the agreement and the circumstances surrounding its formation, that the parties' intent was that New Products would be allowed to bring its malpractice action against Butzel Long without being time-barred at the conclusion of its litigation against Harbor Shores. It is likewise undeniable that the parties did not intend that the action be time-barred by the statute of repose because the statute of repose did not exist at the time of the agreement's formation. Moreover, interpreting the contract as to toll the statute of repose is consistent with its plain language. The parties agreed to toll "[a]ll applicable Statutes of Limitation," and we conclude that the statute of repose fits within the term "Statutes of Limitation" as it is used in this agreement. First, the contract specifically says that it tolls *all* statutes of limitations, and this implies that the parties intended for a broad interpretation of the term. Second, the statute of repose is a statute that imposes a limitation on the timeframe within which an action may be commenced. Third, Butzel Long's motion for summary disposition was brought and granted pursuant to MCR 2.116(C)(7), and this court rule allows for judgment based on a "statute of limitations;" however, it makes no mention of a "statute of repose." By bringing and granting the motion pursuant to this court rule,

both Butzel Long and the trial court implicitly recognized that the statute of repose is a type of statute of limitations. We do note that there is caselaw recognizing a distinction between statutes of limitations and statutes of repose. See, e.g., *Frank v Linkner*, 500 Mich 133, 142; 894 NW2d 574 (2017) (recognizing that "a statute of limitations is generally measured from the date a claim accrues, while a statute of repose is measured from some other particular event, such as "the date of the last culpable act or omission of the defendant"). However, all rules of interpretation are subordinate to the goal of ascertaining the parties' intent, *Russell Trust*, 338 Mich at 179, and interpreting the term in such a way as to include the statute of repose is consistent with the parties' intent to waive time limitations so that New Products could litigate the underlying claim prior to bringing the malpractice action. The parties could not have intended for the statute of repose to remain effective given that it did not yet exist.

Therefore, we conclude that the trial court did not properly interpret the contract.

## III. CONCLUSION

The trial court's order granting summary disposition in favor of Butzel Long is reversed. Because this decision is based on our interpretation of the contract, we need not address the retroactive application of the statute of repose nor New Products' equitable estoppel claim. We note that Butzel Long has raised alternative bases for affirmance pertaining to the merits of the underlying malpractice claim. However, because the merits were not addressed in the trial court, we decline to address them for the first time on appeal. Accordingly, this case is remanded to the trial court for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado

-4-